IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. |
| ENERGY OILFIELD SERVICES LLC § | | |
| Debtor § | | Chapter 11 |

**DEBTOR'S EMERGENCY MOTION FOR PRELIMINARY AND INTERIM USE OF CASH COLLATERAL**

THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS AN EMERGENCY HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Energy Oilfield Services LLC ("Debtor" or "Debtor-in-possession"), Debtor-in-possession, in the above bankruptcy case, hereby files this Debtor's Emergency Motion For Use

Preliminary and Interim Use of Cash Collateral, pursuant to 11 U.S.C. § 363, Fed. R. Bank. P. 4001, and Local Bankr. R. 4001-1(b), and in support thereof would show this Court as follows:

1. Debtor filed a voluntary petition for relief on September 25, 2015, under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

## Jurisdiction and Venue

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (D). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Debtor consents to the entry of a final order or judgment by this Court in this matter.

## Relief Requested

3. The Debtor requests preliminary and interim use of its cash collateral to pay its necessary expenses of its business in the ordinary course. The Debtor also requests, upon notice and a hearing, a final order authorizing its continued use of cash collateral.

## Reasons Why the Relief Should be Granted

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business as a debtor-in-possession. No trustee or examiner has been appointed, and no official committee of unsecured creditors has yet been formed.

5. The Debtor is a company that operates in the oilfield industry. The Debtor owes money to PlainsCapital Bank ("PlainsCapital") pursuant to the terms and conditions of the loan Commercial Line of Credit Agreement and Note. PlainsCapital has lien against the Debtor's assets, including inventory, equipment and other assets. Aside from its proceeds from the

operation of business, the Debtor has no other source of funds to continue to operate its business.

6. Under 11 U.S.C. §363(c)(2), a debtor may use its cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. Under 11 U.S.C. §363(c)(3), the Court must condition the debtor's use of its cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party. At a hearing on a debtor's motion for use of cash collateral, the debtor bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien. 11 U.S.C. § 363(p).

7. The Debtor requests preliminary and interim authorization to use cash collateral as set forth in the interim budget attached hereto as Exhibit A until a final order granting further use of cash collateral can be entered. The Debtor is without sufficient funds, other than the cash collateral, to operate for fourteen or more days until a final hearing on this Motion can be held. The Debtor's inability to timely pay the costs and expenses set forth herein will result in immediate and irreparable harm to the estate. Because the Debtor's request for interim authorization seeks the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, the request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

8. The interim budget itemizes the uses of cash by budgetary category and includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor proposes that any amounts listed in the interim budget that are unused in any week may be carried over and used by the Debtor in any subsequent week, on a line-item basis.

9. The Debtor also requests that the Court authorize it to continue to use cash collateral on a final basis as will be set forth in a final budget to be submitted to the Court in connection with a final hearing on the Motion.

10. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest." Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006). The Debtor proposes to adequately protect the interests of PlainsCapital in its collateral in a number of ways. The Debtor proposes to grant to PlainsCapital post petition replacement liens in all assets of the Debtor.

11. In addition, the Debtor will provide PlainsCapital with information relating to projected revenues and expenses, actual revenue and expenses, and variances from the interim budget. This information will enable PlainsCapital to monitor its interests in the cash collateral. Reporting of financial information is a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re Stanley Station Assocs., L.P.)*, 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate

protection . . . ."); *Sumitomo Trust & Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

12. An immediate need exists for the Debtor to obtain approval of this motion which seeks authority to use cash collateral in order to pay employee salaries, utilities, insurance and other ongoing expenses in the ordinary course of the business. The Debtor is operating in the oilfield industry. Without the ability to use cash collateral the Debtor will not be able to operate its business. The Debtor's payroll must be paid on October 9, 2015. The Debtor must have funds to pay for gas and fuel for its vehicles in the field. Thus, the Debtor must have a hearing to determine its authority to use cash collateral at the Court's earliest date possible.

13. Without the immediate ability to use the cash collateral for an interim period, the Debtor cannot operate its business and may suffer the loss of employees, loss of revenue, and possible termination of the business. A complete shutdown of the Debtor's business, even for a short period, would result in the loss of income, further damaging the estate. Pursuant to Bankruptcy Rule 4001, the Debtor requests that the Court set a emergency hearing on the preliminary and interim use of cash collateral, and that at such emergency hearing, the Court authorize the Debtor's use of cash collateral consistent with the interim budget, in order to avoid immediate and irreparable harm to this estate pending a final hearing.

14. Furthermore, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a). The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve value in the estate.

15. The Debtor also requests a final hearing as soon as the Court's schedule permits in order to consider the Debtor's request for use of the cash collateral on an ongoing basis.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that this Court: (1) set an emergency preliminary hearing to consider the Debtor's interim use of Cash Collateral, (2) authorize the Debtor's use of Cash Collateral on an interim basis, (3) grant replacement liens and other rights to PlainsCapital Bank as adequate protection for the use of the Cash Collateral, if necessary, and (4) set a final hearing to consider the Debtor's ongoing use of Cash Collateral (and the granting of post-petition replacement liens, if necessary) during the pendency of this case and after hearing evidence, authorize the Debtor's use of cash collateral on an ongoing final basis.

Dated: September 29, 2015

          Respectfully submitted,

          */s/ Reese W. Baker*
          Reese W. Baker
          Tx Bar No. 01587700
          Baker & Associates
          5151 Katy Freeway, Suite 200
          Houston, Texas 77007
          (713) 869-9200
          (713)869-9100 FAX
          ATTORNEY FOR DEBTOR

### CERTIFICATE OF EMERGENCY

The undersigned, Reese Baker, certifies that this request is an emergency and that the emergency consideration is necessary. I have read the above pleadings and there is a need for an emergency hearing/consideration.

          */s/ Reese W. Baker*
          Reese W. Baker

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Debtor's Emergency Motion for Use of Cash Collateral served on September 29, 2015, as follows to parties as indicated below:

*By the clerk of the Bankruptcy Court by ECF*:

Evan Russell Baker on behalf of Creditor PlainsCapital Bank
ebaker@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Reese W Baker on behalf of Debtor Energy Oilfield Services LLC
courtdocs@bakerassociates.net, igo@bakerassociates.net;igotnotices@gmail.com;courtdocsrbaker@gmail.com;courtdocsstaylor@gmail.com;courtdocsvellis@gmail.com;reese.baker@bakerassociates.net;bakernotices@gmail.com

Ellen Maresh Hickman on behalf of U.S. Trustee US Trustee
ellen.hickman@usdoj.gov

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV


*By U.S. First Class mail prepaid postage*:
Exhibit A

Carl T. Mitchell
15425 North Freeway
Ste 140
Houston, Texas 77090


                                                */s/  Reese W. Baker*
                                                Reese W. Baker