IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| ENERGY OILFIELD SERVICES, LLC, | ) CASE NO. 15-35003-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court has held a final evidentiary hearing on the "Debtor's Emergency Motion for Preliminary and Interim Use of Cash Collateral" (Docket No. 4). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Energy Oilfield Services, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 25, 2015.

In the instant motion, Debtor seeks authority to use the cash collateral of PlainsCapital Bank ("PCB"). (Docket No. 4). PCB objects, asserting that Debtor cannot provide adequate protection. (Docket No. 10).

At the hearing on the instant motion, Debtor's president, Carl T. Mitchell, testified that Debtor is a service company that supplies solids control filtering equipment, including shakers, centrifuges, and hydrocyclones for use with oil and gas drilling rigs, and also has a recovery system for an inert solid lubricant that wells use.

Mitchell testified that Debtor owes PCB approximately $2.8 million, secured by a lien in Debtor's assets, including cash collateral. He testified that Debtor has made no payment on the principal of Debtor's debt to PCB since April, 2015, and has since made interest-only payments on a revolving loan to PCB.

Debtor's schedules identify a total of $2,642.010.82 in assets. Debtor's schedules identify secured claims of parties other than PCB in the aggregate amount of $401,959.68. (Docket No. 32).

Mitchell testified that Debtor's assets, as of the petition date, included approximately $350,000 in accounts receivable. He testified that Debtor has collected most of its accounts receivable, and has not generated any new accounts receivable.

Debtor presented a budget at the hearing on the instant motion. The budget indicates that Debtor anticipates achieving revenues of approximately $70,000, and incurring monthly expenses of approximately $94,000, during November, 2015.

Mitchell testified that Debtor is presently losing between $20,000 and $25,000 per month.  He testified that Debtor incurred a large loss in October, 2014, and that, after a profitable November, 2014, has lost money in December, 2014, and each month since.  He testified that Debtor had revenues of $12.5 million for 2014, but approximately $2.7 million year to date for 2015, due to a severe downturn in the price of oil.

Mitchell testified that Debtor anticipates continuing to lose money during the first several months of 2016.  He testified that he believes the business cycle for the oil and gas business is approximately 18 to 24 months, and that he believes business will be better beginning in the middle of 2016.  He testified that Debtor has submitted quotes for compressor work during November, 2015, which he believes will yield revenue of $6,000 per month.  He testified that Debtor anticipates submitting quotes for "closed loop" work during early 2016 on two rigs that one of Debtor's customers anticipates acquiring, which he believes will generate revenue of $50,000 per month.  He testified that Debtor does not have a contract for these projects, but that no one else is submitting quotes for those projects.

The court finds that both Mitchell and PCB's representative, Gilbert Moreno, were credible and highly capable witnesses.

Debtor has made no offer of adequate protection as to PCB's interest in its collateral.

## Conclusions of Law

Under Section 363(c)(2) of the Bankruptcy Code, a Chapter 11 debtor in possession may not use cash collateral unless each entity that has an interest in such cash collateral consents, or the court, after notice and a hearing, authorizes such use.  11 U.S.C. § 363(c)(2).

Except as provided in Section 363(c)(2), the debtor in possession shall segregate and account for any cash collateral in the trustee's possession, custody, or control.  11 U.S.C. § 363(c)(4).

On request of an entity that has an interest in, inter alia, cash collateral, the court shall prohibit or condition the use of, inter alia, cash collateral "as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

In a hearing under Section 363, the debtor in possession has the burden of proof on the issue of adequate protection.  11 U.S.C. § 363(p)(1).

Adequate protection includes requiring the debtor in possession to make a cash payment or periodic cash payments, provide additional or replacement liens, or grant such other relief as will result in the creditor's realization of the indubitable equivalent of the creditor's interest in the

property.  11 U.S.C. § 361.

In the instant case, Debtor proposes to use PCB's cash collateral, consisting primarily of the proceeds of collection of accounts receivable.  Debtor is not presently generating new accounts receivable to which PCB's interest could attach.  Debtor projects continuing to incur losses for several months.  Debtor does not propose to make periodic cash payments to PCB.  The court concludes that Debtor has not met its burden of proof as to the issue of adequate protection in the instant case.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Emergency Motion for Preliminary and Interim Use of Cash Collateral" (Docket No. 4).

Signed at Houston, Texas on October 30, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE